counsel, you may proceed. Are we ready? If you are, we are. I am. May it please the court. Laura Deskin for the defendant, appellant Mr. Brandon Williams. Here we are asking this question, and that is whether the proper application of the categorical approach is to be, is at the time of, at the time that the defendant committed the federal offense, the 922G, or at the time of sentencing. And of course Mr. Williams contends it is the time of sentencing because it matters greatly for his sentence. And I'd like to first address why the savings statute does not answer this question, which is what the government relies primarily on, as did the Third Circuit in the Brown decision. The savings statute, I guess really I have a problem with the savings statute even applying here whatsoever, because it gets, it gets far from the question that we have to answer, which is how are we applying the categorical approach. We do not have a new sentencing statute that has been in effect. 924E has not changed, 922G has not changed. So it, it really shouldn't apply whatsoever here. And Brown had started its analysis when I talked about the, the savings statute on a statement that is actually incorrect, kind of surprisingly. At page 151 there it said, when I was reviewing it, this is the Third Circuit case, yes, that was, had this exact same issue. It's the only court that has had this exact same question before it. The savings statute, this is what they said, the savings statute controls here because the Agriculture Improvement Act effectively repealed federal penalties associated with federal marijuana convictions. And that actually is not correct at all. And that's, it kind of started with that premise. I mean, federal marijuana convictions have, have not changed. That is, it is still completely illegal. We just have a definition change. Hemp is now outside of that category. There's no penalty for hemp now. There's no penalty. So the penalty has changed for hemp. The penalty has changed for hemp, that's correct. But what we're not dealing with here whatsoever, a federal marijuana conviction at all. We're just looking at what do these past state cases mean. And the Third Circuit didn't care on that. I understand your point on the text of 109, but the Third Circuit said it was enough that it indirectly affect penalties. And then look to the ACCA. Right. They went on and talked about the case of Dorsey. And that case was an extremely different situation to what we have here. There they commented, it was a commentary that the savings statute has a sentencing principle that we, we look to the time of the offense to determine the appropriate sentence, of course. And if we, if there's an indirect. When it comes to applying the sentencing guidelines. Yes. And that is important there. They were talking about the sentencing guidelines in Dorsey and which do come into play here too. So we have the Sentencing Reform Act, which is all about the guidelines, but the guidelines incorporate the ACCA in it. And the penalties change, the recommended penalties under the advisory guidelines, because the ACCA is directly referenced in there. And so I think that the same background sentencing principles are still in effect, whether we're talking about, we're talking about how to apply the categorical approach in this special situation. So you have the greater idea of what the Sentencing Reform Act does, which requires a court to consider the sentencing guideline, the sentencing range established by the guidelines in effect on the date the defendant is sentenced, not at the time that they committed the crime. Are you talking about Dorsey now? No, I'm talking about Dorsey. That's, and the Sentencing Reform Act in general. And the difference is Dorsey involved a crack cocaine prosecution. Correct. And so for this case to correspond with Dorsey, it would have to involve a federal hemp prosecution. Is that your position? It would, and it, so Dorsey is just, why I'm talking about it here is because the Third Amendment does cite the principle that this should be at the time of the conviction, of the, that the offense was committed. But I think that Dorsey talks about general sentencing principles that should apply here, too. I don't think that you can follow Dorsey exactly, because it was a very different situation. You had... But don't you use Dorsey for the argument that time of sentencing is the background principle? Yes, you have the general principles. How would you respond to, I mean, isn't, isn't Dorsey, though, limited to 18 U.S.C. 3553 A? Wouldn't it, wouldn't necessarily give us a general sentencing principle for what we have here? It doesn't tell us how to apply the categorical approach. I mean, it wasn't about that at all. But it does tell us that, remind us that a big overarching principle here is that we are concerned with penalties that, with sentencing somebody, with the idea that the sentencing law should apply at the time for, for similarly situated defendants that are before, hang on, let me get the, this is what I wanted to, they said that the same sentencing law should apply to defendants sentenced at the same time, at the same place, at the same judge. And that's just a general overarching principle that Dorsey talks about that I think is relevant here, too, because here you have, let's say, somebody that committed their 922G in, as, as Brandon did, Mr. Williams did in January of 2012. And then you have somebody that maybe committed it in, at the end of December of 2018. And they end up getting sentenced at the same time later, and they would have dramatically different sentences, based on the- We're going to give them the benefit of the new statute. And everybody is treated the same. Everyone in that category. But here, your problem is that if you have two defendants who commit the offense on the exact same day, and you use the sentencing as the day that we're going to determine what the penalty is, those two defendants who cannot be closer matched, the same day, the same offense, the same amount of drug, anything else, make it identical, are going to get disparate sentences. And that seems wrong. So help me with that. Well, I think that no matter what, you're going to have disparities that cannot be helped in certain situations. But here- No, you just say that if you have a match between the federal and the state offense on December 18th, 2020, the date that the Farm Bill passed, then you're under the old system. And if you have a match after that date, then you're under the new system. It's a very bright line. You could say that and draw that bright line. But it also- you have to go back to the ACCA itself, which ties itself to the controlled substances schedule and go back to when we analyze these things. I guess that's how the categorical approach came about in the first place. What was Congress's intent? What are we trying to do here? Why did that change? And I think that it's a- in the whole scheme of things, we have this idea that if you committed what we must consider under the categorical approach, these hemp offenses from long ago, that we no longer consider them worthy of needing to be enhanced. And that enhancement is taking place on the date of sentencing. That's a runaway train directly into McNeil. And I realize you have Williams on your side on that. But McNeil looks back. And you could say the same thing, that the sentence is below 10 years now. And so it's not something that Congress would have considered to be so dangerous. And so please, let's don't count that. But the Supreme Court didn't do that. But we do- I mean, we don't want to get back into Williams, but we do have the Greg Williams decision. So that's what we're left with. And we're just asking the court to push it a little further. Could I just- I think one of your last statements refers to the overall scheme of things. You also say in your brief that the text, history, and purpose of the ACCA all support the time of federal sentencing position. Can you point to any language, you say the text, any language in the ACCA that supports time of sentencing? Well, with the text, I think it's because it ties itself specifically to the Controlled Substances Act, which Congress would have known is a constantly changing statute. So I think that's why the- And that points to time of sentencing instead of time of commission. How? Based on, again, the background sentencing principles that we have in place. But how does that- I guess I'm trying to get some help out of the ACCA itself on the text, or if you've got any legislative history. You mentioned legislative history, but I'm not seeing anything in the brief. You're correct. It does not state exactly, which is why I also put forth a rule of lenity argument here. Because I do not think- if you look at the statute itself, beyond it just tying itself to this ever-changing statute, we do not have an answer. And the only court to have even considered this very specific issue of time of offense versus sentencing is the Third Circuit. Are those our only choices? Time of sentencing or time of offense? What about time of conviction? I think that a third choice would be a time of- that he pled. And that would be based on, at the time that you plea, you have some notice principles that come into play there. Because you are advised at that time that you are subject to the ACCA. That's when it really comes out. So there's actually a third timing that's possible. Okay, let me ask you another question about government's argument. They suggest that reliance on time of sentencing is going to create a potential ex post facto concern. Because Congress could add a drug to the schedule after the commission of the offense, but before sentencing, that eliminates the mismatch with the state drug schedule. So, why isn't that a good argument? Um, the- I just don't- you don't have any ex post facto issues here because we're dealing with a sentencing statute. We're not trying to apply- I see. So, that's the question. Well, I think that that is what would happen. So, if they added a substance to the Controlled Substances Act that doesn't exist now, or took one away from the statute, then that would create a potential ex post facto problem. I'm just trying to think this through. They would- we have not had a situation- let's see. So, it would have to be at the time of- at the time of state sentencing, we have a situation where, okay, you have a state statute that is not in the controlled substance schedule, and then they add one. So, if that happened, and it was time of sentencing, you would have that issue. Yes. And it wouldn't be ex post facto because this is a- you're not now having a new punishment for an old crime, you're enhancing the 922G crime based on what we value and see as something worthy of enhancement at the time of sentencing. So, you would have those issues come up, and I think it would be fair under our proposal. So, if somebody was convicted of, like, bath salts at the state level in, you know, 2000, and now they add bath salts to the federal schedule in time for the defendant's sentencing, yes, those priors would come in to now enhance the sentence because we have deemed that as worthy of enhancement. Thank you, counsel. Time's expired. I'll reserve 22 seconds. Well, you are over 22 seconds, so we're- Oh, I'm not done. May it please the court. My name is Danielle Connelly, and I represent the United States of America. The district court properly determined that Mr. Williams' Arkansas drug convictions qualified as serious drug offenses under the Armed Career Criminal Act. The government urges this court to affirm the judgment and sentence of the district court. This court has been clear in its recent decisions that the state schedules in effect at the time of the defendant's prior convictions should not be compared to the federal schedule at the same time. As such, much of the appellant's argument has been rendered moot by the court's September 2022 opinion in United States v. Gregory Williams and echoed by its decision in Pitts Green. Both decided while this appeal was pending. How is it rendered moot? I thought Williams left the question open whether it's sentencing or time of commission. That portion of the appellant's argument is still open, Your Honor. The portion through which the question of whether or not the time of the predicate offenses is rendered moot, and only that portion. I don't follow you, but I think it's because you're ahead of me, so keep on going and I'll catch up. What remains here is the question of whether to apply the federal schedule in effect at the time of the appellant's commission of the incident events or at the time of sentencing, and the government submits that the former is the proper application. The salient issue... So the time of commission is what your position is? Yes, Your Honor. The salient issue here is that the federal definition of a controlled substance included hemp at the time that the appellant illegally possessed a firearm, but excluded it at the time that he was sentenced. At the time of Mr. Williams' federal offense, on or about May 3rd, 2018, there was a categorical match between the Arkansas state drug schedule and the federal drug schedule in effect at the time. Congress removed hemp from the statutory definition of marijuana through the enactment of the Agricultural Improvement Act, known as the 2018 Farm Bill, which went into effect on December 18th of 2018. Appellant's remaining argument rests on the resulting mismatch between the Arkansas state drug schedule, including hemp, and the federal drug schedule, excluding it, in effect at the time of his sentencing on January 25th of 2022. Because Mr. Williams committed his federal offense prior to the effective date of the legislation excluding hemp, the district court properly found that his Arkansas drug convictions qualified as serious drug offenses. Cases such as Mr. Williams are relatively unusual. For most offenders, the federal schedule at the time of the commission of the incident offense remains in effect at the time of sentencing. The court noted in footnote three of the Gregory Williams decision that the issue was left open for future resolution in the appropriate case, citing the same in footnote three of Pitt's Green. The result would have been the same in each of those cases, but it is determinative for Mr. Williams. As Judge Hartz opined in his Cantu concurrence, using the federal drug schedule, in effect at the time of the federal offense, would put the defendant on notice when he committed his federal crime that he had a serious drug offense on his record. Carving out a circumstance whereby one is accountable for the law as it may exist in the future is inconsistent with the principles of retroactivity and raises due process concerns. This conclusion is compelled by the operation of the saving statute, which provides that a repeal or amendment of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute unless the repealing act shall so expressly provide. Well, there's a couple of words you missed there, and they're the ones that matter to me. I follow, and let me just track it because I think it's worth the time. The repeal of any statute, and there we're talking about hemp being a controlled substance. That's the statute we're talking about, right? Yes, Your Honor. The repeal of the hemp statute shall not have the effect to extinguish any penalty under such statute, meaning the hemp statute. And, Your Honor, the government's position is that the hemp statute was affected by the change in, or the penalty was affected by the removal of the hemp. If I were driving a U-Haul full of hemp across the United States on an interstate highway in early December 2018 and I got pulled over, that would have been a crime. Yes. And what the saving statute says is, in January, don't bother filing a motion to dismiss because it's no longer a crime. If it was a crime at the time it was committed, it remains a crime. That's the way I understand the saving statute. Yes, Your Honor. Is that how you understand it? That's all it's saying. Yes. And that's all Dorsey said. Yes. With crap cocaine. But to try to pick it up and make that under such statute migrate apart from the hemp statute over to the ACCA or anywhere else is outside the text of the statute, it seems to me. I think that the easiest way to visualize this is as nesting dolls. Essentially, with the removal of hemp from the federal schedule, the tiniest doll is the legal definition of marijuana. At 21 U.S.C. 802.16, Congress changed that statutory definition with the enactment of the 2018 Farm Bill, removing hemp from that definition. And that is the operative statutory change here. And that is why the government believes that the saving statute applies. That is what triggers the saving statute. The saving statute would only apply if we were talking about a hemp prosecution, wouldn't it? Well, Your Honor, because hemp has been removed from the federal schedule, when we're applying the categorical approach, we have to look at the statute as it existed at the time. Well, apart from the savings statute, do you get any help from the ACCA or the Farm Bill that answers the question that you have well put, by the way, this choice between time of commission versus time of sentencing? Does the ACCA or the Farm Bill point in any direction in choosing between those options? Well, Your Honor, as the Court noted in Brown, in contrasting to Dorsey, the Act's decriminalization of hemp contains no language directing implicitly or otherwise to the background principle that was embodied in the Sentencing Reform Act upon which Dorsey addressed. Here, the decriminalization of hemp does not come until the last section of the Act, which makes conforming changes to the Controlled Substances Act, but says nothing about sentences, let alone retroactivity. Is it realistic to think that Congress would actually speak to that if they're only removing hemp definitionally? No, Your Honor. So, again, I guess I'm not seeing that you're getting any help from the ACCA itself. And isn't it the ACCA that ultimately is the source for what we should be interpreting to get to the answer, time of commission versus time of sentencing? Yes, Your Honor. And so if it doesn't speak to it, and there might be arguments going both ways, what's wrong with the lenity argument? Well, Your Honor, the reason that the lenity argument does not apply here is that as it could if sentencing is determined by the sentencing date. Application of the rule of lenity is a tool of last resort. None of the circuits that have addressed this issue have made a decision based upon the rule of lenity. Well, we could be the first. The government would submit that it doesn't apply here because this is not an ambiguous criminal statute. Well, if the ACCA doesn't say anything and there are reasonable arguments for time of sentencing and for time of commission, why isn't that the very definition of ambiguity? You've got two conflicting reasonable arguments. I would submit that the time of sentencing would not be a reasonable argument because it does not allow the proper notice that would be appropriate here, as noted by Judge Hartz in the Cantu Concurrence. Well, is Cantu really speaking to the issue that we're confronting today? Not specifically. Let me ask you another question. I asked counsel about this ex post facto issue, but there's an interesting provision in the statute that actually takes care of it, at least in that context. And it's guideline 1B1, 11B1, which says that if a court determines the use of the guidelines manual in effect on the date the defendant is sentenced, time of sentencing, would violate the ex post facto clause of the United States Constitution, the court should use the guidelines manual in effect on the date that the offense of conviction was committed. So why wouldn't that be a viable approach for this court? That is to say that time of sentencing, but if we have an ex post facto issue along the lines that you've raised, then maybe we do what the guidelines do. Those are the guidelines, which are advisory. Here, we're talking about a statutory mandatory. They serve as background sentencing principles. There is a sentencing reform act. ACCA and the guidelines go together. Wouldn't we look at this as a whole and say, look, the guidelines have worked this out. Why can't that provide a court guidance? When there are arguments both ways on this choice that we're now having to make, time of sentencing versus time of commission. I mean, is this irrelevant to your ex post facto argument? It's a consideration, but here, the sentencing reform act specifically addressed that, as discussed in Dorsey. And here, the government would suggest that the court's, the Third Circuit's decision in Brown would be the appropriate mechanism for analyzing Mr. Williams' situation. Well, you're back to the federal savings clause then. I understand your argument on the savings clause. I'm not asking you about that right now. But let's say we disagree with you on that. Where does that leave you? That leaves us with the circumstance whereby a defendant could be subject to a different punishment, as would the same defendant committed the same offense on the same day, just by virtue of the date of sentencing. And that introduces an arbitrary nature to sentencing. As the court noted in its... Well, an offense could be committed one week, and then someone else the next week, and they could be subject to disparity as well. You're going to get disparity either way. This builds it in, though. It would allow... Well, it builds it in on time of commission. It's going to be built in either way. This does it in a way that would build in certainty to the lack of uniformity in sentencing. By holding an offender accountable for the law as it exists at the time that he or she commits the offense, the offender is on notice of the possible consequences. Carving out circumstances by which an offender's punishment is determined by a law... On notice, but the consequences... Congress could determine that the consequences should be different. Why shouldn't the defendant benefit from that? In that circumstance, Congress would be speaking to it specifically. Well, that's what... And it would be nice if they had, and it would make this case a lot easier. But that's the problem we have right now, is that Congress didn't say specifically one way or the other. So again, why doesn't that put us in a lenity position? And again, the government would point to the court's reasoning, followed by the Third Circuit in Brown, that... You agree, though, that we're not bound by Brown? Absolutely. Absolutely not. And this issue hasn't been addressed by very many courts. It has not. It has not. It's been addressed on point in Brown. Jackson raised a similar issue, but the court vacated its decision. Haven't the courts that have addressed similar issues more often picked the time of sentencing than the time of commission? They have, but those have been primarily guidelines cases. And why aren't those relevant? Why couldn't those be persuasive, just like you're arguing the Third Circuit should be persuasive? The court could find them persuasive, but the government would contend that the situation in Brown is most similar to Mr. Williams' situation here. And because Mr. Williams committed his federal offense prior to the effective date... I see my time is up. May I conclude? Please do. Prior to the effective date of the legislation excluding hemp from the federal definition of marijuana, the district court properly found that his Arkansas drug convictions qualify as a serious drug offenses. We ask that you affirm the judgment and sentence of the district court. Thank you, counsel. Thank you to both counsel. We appreciate your arguments this morning. Very interesting issue. Case will be submitted. Counsel are excused.